1   Humberto M. Guizar, Esq. (SBN 125769)
    *hguizar@ghclegal.com*
2   **LAW OFFICES OF HUMBERTO GUIZAR, APC**
3   3500 W. Beverly Blvd.
    Montebello, Ca 90640
4   Tel: (323) 725-1151 | Fax: (323) 597-0101

5   Christian Contreras, Esq. (SBN 33026)
    *cc@Contreras-Law.com*
6   **LAW OFFICES OF CHRISTIAN CONTRERAS**
    **A PROFESSIONAL LAW CORPORATION**
7   360 E. 2nd St. 8th Floor
8   Los Angeles, Ca 90012
    Tel: (323) 435-8000 | Fax: (323) 597-0101
9

10  Attorneys for Plaintiffs,
    JAY CAMPOS & ROSALEE CAMPOS

11

12         **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13            **FOR THE COUNTY OF ORANGE**

14

| | |
|---|---|
| 15 JAY CAMPOS, an individually and as | ) **CASE NO. :** |
| 16 successor in interest to JOSHUA CAMPOS; | ) |
| and ROSALEE CAMPOS, an individually | ) **COMPLAINT FOR DAMAGES:** |
| 17 and as successor in interest to JOSHUA | ) |
| CAMPOS | ) 1. **Negligence;** |
| 18 | ) 2. **Negligent Hiring, Training &** |
| 19        Plaintiffs, | ) **Supervision;** |
| | ) 3. **Violation of Civil Code 52.1 (Tom Bane** |
| 20        v. | ) **Act);** |
| 21 COUNTY OF ORANGE, a municipal entity; | ) 4. **Denial of Medical Care in Violation** |
| SHERIFF DON BARNES, individually and | ) **of The Fourteenth Amendment (42** |
| 22 in his official capacity; and DOES 1 through | ) **U.S.C. §1983);** |
| 23 10, inclusive, | ) 5. **Violation of Substantive Due** |
| | ) **Process (42 U.S.C. §1983);** |
| 24        Defendants. | ) 6. **Municipal Liability for** |
| 25 | **Unconstitutional Custom, Practice,** |
| | **or Policy (42 U.S.C. § 1983);** |
| 26 | 7. **Municipal Liability for** |
| 27 | **Failure to Train (42 U.S.C. § 1983)** |
| 28 | **DEMAND FOR JURY TRIAL** |

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

**INTRODUCTION**

1.      This is a civil rights lawsuit seeking monetary damages against COUNTY OF ORANGE (hereinafter sometimes "COUNTY"), a municipal entity; SHERIFF DON BARNES, individually and in his official capacity, (hereinafter sometimes "BARNES"), and DOES 1 to 10, inclusive for engaging in violations of the Constitution and permitting unconstitutional customs and practices within the THEO LACY FACILITY JAIL (hereinafter sometimes the "JAIL") by failing to address the proliferation of contraband including drugs within the JAIL.

2.      The subject civil rights violations culminated when JOSHUA CAMPOS died in THEO LACY JAIL on March 8, 2022.

3.      In committing such civil rights violations, COUNTY and its conspirator defendants, targeted, whether directly or indirectly, Black and Brown people as well as individuals who were detained within COUNTY's JAIL.

4.      Plaintiff's claims are brought pursuant to the Fourteenth Amendment to the United States Constitution; the Civil Rights Act of 1871 and its implementing regulations, 42 U.S.C. 1982, 1983, 1986 and 1988.

5.      By this Complaint, Plaintiff seeks judicial redress for violations of his civil rights due to the deliberate indifferences to detainees such as JOSHUA CAMPOS in violation of the Fourteenth Amendment of the United States Constitution.

6.      Accordingly, judicial intervention is imperative in this matter to end redress the egregious civil rights violations committed by Defendants

**JURISDICTION & VENUE**

7.      The Superior Court of the State of California, for the County of Orange, is the proper venue for this matter in that the underlying wrongdoing, acts, omissions, injuries, and related facts and circumstances of this action all occurred in the County of Orange, State of California. This Superior Court has jurisdiction over the present matter because, as described herein, the nature of the claims and amounts in controversy meet the requirements for unlimited damages jurisdiction.

8.      Plaintiff timely filed their claims with the Orange County Clerk of The Board of Supervisors under California Government Code § 910.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

**PARTIES**

9.      Plaintiffs JAY CAMPOS and ROSALEE CAMPOS (hereinafter "MR. & MRS. CAMPOS" or "Plaintiffs") are the natural father and mother, respectively, of Decedent JOSHUA CAMPOS (hereinafter "Decedent"). Plaintiffs MR. & MRS. CAMPOS are individuals and heirs-at-law to their son, Decedent JOSHUA CAMPOS, who are entitled under Cal. Civ. Proc. Code § 377.30 (Survival Actions) to recover damages for the wrongful death of their son, including loss of economic support, loss of love, aid, comfort, society, guidance and affection, funeral and burial expenses, and all other wrongful death damages available under State and Federal Law. Plaintiffs MR. & MRS. CAMPOS, as successors in interest to Decedent JOSHUA CAMPOS, are also entitled to recover damages for the conscious pain, suffering, mental and emotional distress, worry, fear and anxiety of Decedent JOSHUA CAMPOS, in addition to any other personal injury/survival damages available to a successor-in-interest or the Decedent's Estate under State and Federal Law.

10.      Defendant COUNTY OF ORANGE (hereinafter "COUNTY") is a chartered governmental subdivision of the State of California with the capacity to sue and be sued. The Orange County Sheriff's Department (hereinafter "OCSD") is a department of the Defendant COUNTY. THEO LACY is a carceral facility operated by, and under the dominion and control of, the Defendant COUNTY.

11.      Plaintiffs are informed and believe, and thereon allege, that Defendants sued herein as DOES 1 through 10, were employees of the COUNTY including, but not limited to, deputies of the OCSD working at THEO LACY, and were at all relevant times acting in the course and scope of their employment and agency. Each Defendant is an agent of the other. Plaintiffs alleges that each of the Defendants named as "DOE" were in some manner responsible for the acts and omissions alleged herein. Plaintiffs will ask leave of this Court to amend the Complaint to allege such names and responsibility as that information is ascertained.

12.      With regard to the State Law claims alleged in this Complaint, where reference is made to the actions and omissions of Defendants DOES 1 through 10, inclusive, Plaintiffs are hereby alleging said Defendants, and each of them, are liable for their actions under California Government Code §§815.2 and 820, as they acted within the course and scope of their employment with the

1  Defendant COUNTY, which is liable for indemnities of the actionable conduct of their employees

2  under California Government Code §825.

3  **FACTS COMMON TO ALL CAUSES OF ACTION**

4       13.     On March 8, 2022, Decedent JOSHUA CAMPOS tragically died while in custody as

5  an inmate at THEO LACY. Plaintiffs are informed and believe, and upon such information and

6  belief allege, that JOSHUA CAMPOS had been incarcerated at THEO LACY prior to his death on

7  March 8, 2022.

8       14.     Indeed, JOSHUA CAMPOS was detained on March 4, 2022 and inexplicably, died

9  four days later on March 8, 2022. Clearly, JOSHUA CAMPOS was a pretrial detainee.

10       15.     Furthermore, Plaintiffs are informed and believe, and thereon allege, that at all

11  relevant times Defendants DOES 1 through 10, inclusive, were acting in the course and scope of

12  their employment and agency with the COUNTY, which was charged with overseeing DOES 1

13  through 10, inclusive, as well as overseeing, operating, maintaining, and performing other tasks

14  related to the management of THEO LACY, including but not_limited to the observation and

15  monitoring of the inmates of THEO LACY, including Decedent JOSHUA CAMPOS.

16       16.     Beginning when JOSHUA CAMPOS was taken into custody on March 4, 2022 by

17  the COUNTY until the time of his death on March 8, 2022, Decedent suffered from various

18  documented mental illness. Decedent exhibited obvious signs and symptoms of medical issues and

19  medical complications. These signs and symptoms had been known and documented by Defendants

20  over an extended period of time, while Defendants, and each of them, remained deliberately

21  indifferent to Decedent's basic life needs. The Decedent was under no circumstances housed

22  appropriately; Decedent ought to have been housed in a unit for mentally ill inmates. Consistent

23  with the Decedent's improper and unsuitable housing situation, the Decedent was also not provided

24  with the necessary and proper medical care by COUNTY employees and staff.

25       17.     Despite documented awareness of Decedent JOSHUA CAMPOS's symptoms of

26  severe medical issues, Defendants COUNTY, BARNES and DOES 1 through 10, inclusive, and

27  each of them, remained deliberately indifferent to his medical, psychiatric, and mental health needs,

28  and did not seek medical attention or make any attempts to ensure Decedent's health concerns were

4
**PLAINTIFFS' COMPLAINT FOR DAMAGES**

being attended to. Defendants' deliberate indifference directly produced Decedent JOSHUA CAMPOS's death. On March 8, 2022, Decedent suffered a medical complication while in custody, and was declared dead on March 8, 2022.

18.     Instead of being provident to Decedent's medical and mental health needs, Defendants COUNTY, BARNES and DOES 1 through 10, inclusive, and each of them, deliberately ignored Decedent's obvious physical and mental health conditions, and his urgent need for medical care.

19.     Additionally, the COUNTY's OCSD Personnel at the jail facility, negligently failed to protect the Decedent from the imminent danger of other inmates.

20.     Furthermore, the lack of medical care, if any, provided to the Decedent by the medical care team was grossly below the professional standard of care that ought to have been rendered.

21.     This tragic, unnecessary death of JOSHUA CAMPOS's began on March 4, 2022 when Defendants failed to properly address the medical needs of JOSHUA CAMPOS. Such deliberate indifference continued to March 8, 2022 because the Defendant COUNTY and BARNES through its OCSD, maintains and/or has ratified policies, customs, and practices of deliberate indifference to the medical needs of jail inmates, and of deliberate indifference to the well-being of people in its jails generally, including Decedent JOSHUA CAMPOS, who they showed deliberate indifference to for a lengthy period of time.

22.     Plaintiffs MR. & MRS. CAMPOS have lost Decedent's support, love, guidance, affection, comfort, and society, in amounts to be determined according to proof at trial. Plaintiffs MR. & MRS. CAMPOS incurred burial, funeral, and other related expenses. Decedent sustained general damages, including pre-death pain and suffering, emotional distress, and the loss of enjoyment of his life, in an amount to be determined according to proof at trial.

23.     In committing the foregoing wrongful acts, Defendants DOES 1 through 10, inclusive, and each of them, acted with reckless and callous disregard for the constitutional rights of Decedent JOSHUA CAMPOS. These wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against said Defendants,

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

1   individually, in an amount adequate to punish their wrongdoing and deter future misconduct by their

2   example.

### FIRST CAUSE OF ACTION

### NEGLIGENCE

### (By Plaintiff Against All Defendants)

6   24.     Plaintiffs re-allege all preceding paragraphs as well as any subsequent paragraphs contained

7   in the Complaint as if fully set forth herein.

8   25.     This action is brought pursuant to §§820, 815.2 and 845.6 of the Government Code.

9   Pursuant to §§820, 815.2 and 845.6 of the California Government Code, Defendants COUNTY, and

10  DOES 1 through 10, inclusive, are liable for injuries caused by their acts or omissions to the same

11  extent as a private person.

12  26.     At all times, each Defendant owed JOSHUA CAMPOS the duty to act with due care

13  in the execution and enforcement of any right, law, or legal obligation. Defendants, and each of

14  them, owed a duty of care to JOSHUA CAMPOS by virtue of his confinement in JAIL.

15  27.     Furthermore, the general duties of reasonable care and due care owed to JOSHUA

16  CAMPOS by all Defendants include but are not limited to the following specific obligations:

17      a.  To provide for the medical needs for individuals such as JOSHUA CAMPOS;

18      b.  To provide proper housing for individuals such as JOSHUA CAMPOS;

19      c.  To tend to the mental health needs to individuals such as JOSHUAH CAMPOS;

20      d.  To ensure contraband did not enter JAIL;

21      e.  To ensure individuals such as JOSHUA CAMPOS did not obtain contraband while

22          in JAIL;

23      f.  To ensure individuals such as JOSHUA CAMPOS could not consume contraband

24          while in JAIL;

25      g.  To provide safe and appropriate JAIL custody for Decedent JOSHUA CAMPOS,

26          including reasonable classification, monitoring, and housing;

27      h.  To obey court orders for the care and safety of inmates such as Decedent JOSHUA

28          CAMPOS;

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

i.   To summon necessary and appropriate medical care for Decedent JOSHUA CAMPOS;

j.   To use generally accepted law enforcement and JAIL procedures that are reasonable and appropriate for Decedent JOSHUA CAMPOS's status;

k.   To refrain from abusing their authority granted them by law;

l.   To refrain from violating Plaintiff's rights guaranteed by the United States and California Constitutions, as set forth herein, and as otherwise protected by law.

28.   Defendants, and each of them, failed to exercise ordinary care in the failure to abide by their duty of care as detailed in the preceding paragraph proximately causing JOSHUA CAMPOS's death in JAIL.

29.   Defendants, and each of them, further breached their duty of care and failed to exercise ordinary care in the failure to ensure JOSHUA CAMPOS could not obtain and consume contraband which would lead to an overdose proximately causing his death in JAIL. Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

30.   Upon information and belief, Defendants, and each of them, further breached their duty of care and failed to exercise ordinary care in permitting Orange County Sheriff's Department deputies to beat JOSHUA CAMPOS proximately causing his death in JAIL. Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

31.   As a direct and proximate result of Defendants' breach of duty, JOSHUA CAMPOS paid the ultimate price with his life and suffered the damage of death.

32.   As a direct and proximate cause of the aforementioned acts of defendants, Plaintiff JAY CAMPOS AND ROSALEE CAMPOS lost the support, love, aid, guidance, affection, comfort and society of her son, Decedent JOSHUA CAMPOS, as hereinabove alleged including loss of aid, comfort, guidance, affection, and society, and special damages, including loss of support, in an amount in accordance with proof and Decedent JOSHUA CAMPOS's general damages, including pre-death pain and suffering, and a loss of the enjoyment of life and other hedonic damages.

///

///

## SECOND CAUSE OF ACTION

### NEGLIGENT HIRING, SUPERVISION & RETENTION

**(By Plaintiff Against SHERIFF BARNES, individually and in his official capacity, and DOES 1 to 10, inclusive)**

33.     Plaintiffs re-allege all preceding paragraphs as well as any subsequent paragraphs contained in the Complaint as if fully set forth herein.

34.     This action is brought pursuant to §§ 820, 815.2 and 845.6 of the Government Code. Pursuant to §§820, 815.2 and 845.6 of the California Government Code, Defendants SHERIFF BARNES, and DOES 1 through 10, inclusive, are liable for injuries caused by their acts or omissions to the same extent as a private person.

35.     At all times, each Defendants owed JOSHUA CAMPOS the duty to act with due care in the execution and enforcement of any right, law, or legal obligation. Defendants, and each of them, owed a duty of care to JOSHUA CAMPOS by virtue of his confinement in JAIL.

36.     Additionally, these general duties of reasonable care and due care owed to JOSHUA CAMPOS by Defendants, include but are not limited to the following specific obligations:

   a.   To properly and reasonably hire, supervise, train, retain, investigate, monitor, evaluate, and discipline each person who was responsible for providing medical care for Decedent;

   b.   To properly and reasonably hire, supervise, train, retain, investigate, monitor, evaluate, and discipline each person who was responsible for the safe and appropriate JAIL custody of Decedent;

   c.   To properly and reasonably hire, supervise, train, retain, investigate, monitor, evaluate, and discipline each person who was responsible for properly and reasonably classifying, housing, and monitoring inmate Decedent;

   d.   To properly and reasonably hire, supervise, train, retain, investigate, monitor, evaluate, and discipline each person who disobeyed a court order as described herein;

   e.   To properly and reasonably hire, supervise, train, retain, investigate, monitor, evaluate, and discipline each person who denied Decedent medical attention or access to medical care and treatment, and/or

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

f.  To properly and reasonably hire, supervise, train, retain, investigate, monitor, evaluate, and discipline each person who failed to summon necessary and appropriate medical care;

g.  To properly and adequately hire, supervise, train, retain, investigate, monitor, evaluate, and discipline their employees, agents, and/or law enforcement officers to ensure that those employees/agents/officers act at all times in the public interest and in conformance with law;

h.  To make, enforce, and at all times act in conformance with policies and customs that are lawful and protective of individual rights, including JOSHUA CAMPOS;

i.  To refrain from making, enforcing, and/or tolerating the wrongful policies and customs set forth at herein.

37.  Defendants, and each of them, further breached their duty of care and failed to exercise ordinary care proximately causing his death in JAIL.

38.  Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to JOSHUA CAMPOS.

39.  As a direct and proximate result of Defendants' breach of duty, JOSHUA CAMPOS paid the ultimate price with his life and suffered the damage of death.

40.  As a direct and proximate cause of the aforementioned acts of defendants, Plaintiffs JAY CAMPOS AND ROSALEE CAMPOS lost the support, love, aid, guidance, affection, comfort and society of her son, Decedent JOSHUA CAMPOS, as hereinabove alleged including loss of aid, comfort, guidance, affection, and society, and special damages, including loss of support, in an amount in accordance with proof and Decedent JOSHUA CAMPOS's general damages, including pre-death pain and suffering, and a loss of the enjoyment of life and other hedonic damages.

## THIRD CAUSE OF ACTION

### VIOLATION OF

### CIVIL CODE SECTION 52.1 (TOM BANE ACT)

#### (By Plaintiff against Defendants Does 1-10)

41.  Plaintiff re-alleges all preceding paragraphs as well as any subsequent paragraphs contained in

9

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

1  the Complaint as if fully set forth herein.

2      42.    This action is brought pursuant to §52.1 of the California Civil Code. This action is

3  also brought pursuant to §§820, 815.2 and 845.6 of the Government Code. Pursuant to §§820, 815.2

4  and 845.6 of the California Government Code, Defendants COUNTY, and DOES 1 through 10,

5  inclusive,  are liable for injuries caused by their acts or omissions to the same extent as  a private

6  person.

7      43.    At all times mentioned herein, Defendants Deputies DOES 1 through 10, inclusive,

8  were acting within the course and scope of their employment and/or agency with defendant

9  COUNTY. As such defendant COUNTY is liable in *respondeat superior* for the injuries caused by

10  the acts and omissions of Defendants DOES 1 through 10, inclusive, pursuant to §815.2 and 845.6

11  of the California Government Code.

12      44.    At all times, Defendants Does 1-10 owed JOSHUA CAMPOS the duty to act with

13  due care in the execution and enforcement of any right, law, or legal obligation. Defendants, and

14  each of them, owed a duty of care to JOSHUA CAMPOS by virtue of his confinement in JAIL.

15      45.    JOSHUA CAMPOS had the constitutional right to receive adequate medical care

16  while in custody at JAIL. However, JOSHUA CAMPOS was subjected to a denial of medical care

17  and a deliberate indifference to the medical needs and the well-being of JOSHUA CAMPOS by

18  Defendants.

19      46.    Defendants Deputy Does 1-10, who were acting under color of law, interfered by

20  threat, intimidation, and coercion with JOSHUA CAMPOS's exercise of his rights secured by the

21  Constitution, laws of the United States, and of the rights secured by the Constitution or laws of

22  California by intentionally or being deliberately indifferent to the medical needs of JOSHUA

23  CAMPOS.

24      47.    More specifically, Defendants Deputy Does 1-10, intentionally used threats,

25  intimidation, or coercion or intentionally attempted to use threats, intimidation, or coercion when

26  Defendants Deputy Does 1-10 did not tend to the serious medical needs of DECEDENT and

27  intimidated DECEDENT from seeking such aid.

28  ///

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

48.     Further, by their intentional acts, each Defendants acting in concert/conspiracy, as described above, violated JOSHUA CAMPOS's rights under California Civil Code §§52 and 52.1, and the following clearly-established rights under the United States Constitution, the California Constitution, and California law:

a. The right to be free from an unreasonable ongoing seizure as a pretrial detainee as secured by the Fourth and Fourteenth Amendments, and by Cal. Const. Article 1, Sections 7 and 13;

b. The right to be free from deliberate indifference to his medical needs while in custody as a pretrial detainee as secured by the Fourteenth Amendment, and by Cal. Const. Article 1, Sections 7 and 17;

c. The right to be free from wrongful government interference with familial relationships, and Plaintiff's right to companionship, society and support of each other, as secured by the First and Fourteenth Amendments, and by Cal. Const. Article 1, Sections 1 and 7;

d. The right to enjoy and defend life and liberty, acquire, possess and protect property,

e. and pursue and obtain safety, happiness and privacy, as secured by the California Constitution, Article 1, Section 1;

f. The right to medical care as required by Cal. Gov. Code §845.6.

49.     Decedent JOSHUA CAMPOS's individual rights secured by the Constitution and laws of the United States were interfered with by Defendants Deputy Does 1-10, when Defendants caused the death of JOSHUA CAMPOS.

50.     All of the above acts and omissions of Defendants Deputy Does 1-10, inclusive were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to said defendant.

51.     As a proximate result of the acts of Defendants Deputy Does 1-10, JOSHUA CAMPOS suffered fatal injuries from which he eventually died.

52.     The above acts of defendants violated JOSHUA CAMPOS's civil rights as protected by California Civil Code §52.1.

///

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

53.    As such, Plaintiff is entitled to compensatory damages according to proof, including those permitted by Section 52 of the Civil Code, punitive and exemplary damages, the costs of suit incurred in this action, reasonable attorney's fees as permitted by the Civil Code §§51.7 and 52, and any other additional relief that the court deems proper.

**FOURTH CAUSE OF ACTION**

**DENIAL OF MEDICAL CARE IN VIOLATION OF**

**THE FOURTEENTH AMENDMENT**

**(42 U.S.C. §1983)**

**(By Plaintiff Against Defendants BARNES and DOES 1-10)**

54.    Plaintiffs re-allege all preceding paragraphs as well as any subsequent paragraphs contained in the Complaint as if fully set forth herein.

55.    Defendants, acting under color of state law, deprived JOSHUA CAMPOS of his right to medical care, as a detainee in JAIL, in violation of the Fourteenth Amendment. Defendants, deprived JOSHUA CAMPOS of his constitutional rights by their objective deliberate indifference to JOSHUA CAMPOS's obvious medical issues and needs over a lengthy period of time, causing JOSHUA CAMPOS severe injuries, and pain and anguish amounting to torture.

56.    Defendants and each of them, acting in their individual and official capacities were deliberately indifferent to JOSHUA CAMPOS's medical needs over a lengthy period of time, proximately causing JOSHUA CAMPOS injuries and pain and anguish amounting to torture.

57.    Defendants and each of them, acting in their individual and official capacities, were objectively aware of JOSHUA CAMPOS's medical needs but were deliberately indifferent to JOSHUA CAMPOS's need for medical attention and care.

58.    Defendants DOES 1 through 10, inclusive, and each of them, acting in their individual and official capacities were deliberately indifferent to Plaintiff's medical needs over a lengthy period of time, proximately causing Plaintiff injuries and pain and anguish amounting to torture.

59.    As a further proximate result of the foregoing wrongful acts of Defendants, and each of them, Plaintiff sustained damages including the loss of their father and JOSHUA CAMPOS's

12

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

1   own pre-death pain and suffering in an amount in accordance with proof.

2       60.    Additionally, Plaintiff further claims all of Plaintiff's attorneys' fees and costs

3 incurred and to be incurred in Plaintiff presenting, maintaining and prosecuting this action under 42

4 U.S.C. Section 1988.

5       61.    In doing the foregoing wrongful acts, the individual Defendants SHERIFF

6 BARNES, DEPUTY DOES 1-10, and each of them, acted in reckless and callous disregard for the

7 constitutional rights of JOSHUA CAMPOS. The wrongful acts, and each of them, were willful,

8 oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each

9 individual defendant in an amount adequate to punish the wrongdoers and deter future misconduct.

10 <b><u>FIFTH CAUSE OF ACTION</u></b>

11 <b>VIOLATION OF SUBSTANTIVE DUE PROCESS</b>

12 <b>(42 U.S.C. §1983)</b>

13 <b>(By Plaintiff Against Defendants BARNES, DOES 1-10)</b>

14       62.    Plaintiffs re-allege all preceding paragraphs as well as any subsequent paragraphs contained in

15 the Complaint as if fully set forth herein.

16       63.    Defendants, acting under color of state law, deprived Plaintiff of her rights to a familial

17 relationship with Decedent JOSHUA CAMPOS without due process of law in violation of the Fourteenth

18 Amendment by their conscious-shocking deliberate indifference to Decedent JOSHUA CAMPOS's

19 constitutional rights.

20       64.    Defendant and each of them, acting in their individual and official capacities were either

21 deliberately indifferent to Decedent JOSHUA CAMPOS's safety, medical need and mental health needs over

22 a lengthy period of time or acted with a deliberate indifference or with purpose to harm Decedent JOSHUA

23 CAMPOS proximately causing Decedent's death.

24       65.    As a proximate result of the foregoing wrongful acts of Defendants, and each of them,

25 Plaintiff sustained general damages, and loss of aid, comfort, guidance, affection, and society, and special

26 damages, including loss of support, in an amount in accordance with proof.

27       66.    In doing the foregoing wrongful acts, individual Defendants, and each of them, acted

28 in reckless and callous disregard for the constitutional rights of JOSHUA CAMPOS. The wrongful acts, and

13

<b>PLAINTIFFS' COMPLAINT FOR DAMAGES</b>

each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each individual defendant in an amount adequate to punish the wrongdoers and deter future misconduct.

## SIXTH CAUSE OF ACTION

### MUNICIPAL LIABILITY FOR UNCONSTITUTIONAL CUSTOM, PRACTICE, OR POLICY

### (42 U.S.C. § 1983)

### (By Plaintiff Against Defendants COUNTY and DOES 1-10)

67.    Plaintiff re-alleges all preceding paragraphs as well as any subsequent paragraphs contained in the Complaint as if fully set forth herein.

68.    On and for some time prior to the time of death of JOSHUA CAMPOS (and continuing to the present date), Defendants COUNTY and DOES 1-10 acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff and DECEDENT, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

a.    Failing to house individuals with mental health issues like JOSHUA CAMPOS in proper housing;

b.    Housing individuals like JOSHUA CAMPOS in modules which exacerbates their medical needs and or mental health issues;

c.    Permitting and ratifying the conduct of individual deputies within JAIL who act with deliberate indifference to the medical needs of individuals such as JOSHUA CAMPOS;

d.    Employing and retaining as deputy sheriffs and other personnel, including Defendants, whom Defendants COUNTY, BARNES, Does 1-10 at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens such as Decedent by failing to follow written OCSD policies;

///

14

PLAINTIFFS' COMPLAINT FOR DAMAGES

1        e.  By maintaining grossly inadequate procedures for reporting, supervising,

2              investigating, reviewing, disciplining and controlling the intentional misconduct by

3              Defendants  who are deputies and/or agents of COUNTY and OCSD;

4       69.    By reason of the aforementioned policies and practices of Defendants, DECEDENT

5 was subjected to pain and suffering and ultimately, lost his life.

6       70.    The aforementioned policies and practices of Defendants was the moving force that

7 caused DECEDENT to lose his life.

8       71.    Defendants, together with various other officials, whether named or unnamed, had

9 either actual or constructive knowledge of the deficient policies, practices and customs alleged in

10 the paragraphs above. Despite having knowledge as stated above, these defendants condoned,

11 tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted

12 with deliberate indifference to the foreseeable effects and consequences of these policies with

13 respect to the constitutional rights of DECEDENT, Plaintiff and other individuals similarly situated.

14     72.    By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and

15 other wrongful acts, Defendants acted with intentional, reckless, and callous disregard for the life of

16 DECEDENT and for DECEDENT's and Plaintiff's constitutional rights. Furthermore, the policies,

17 practices, and customs implemented, maintained, and still tolerated by Defendants were

18 affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT

19 and Plaintiff.

20     73.    All of these aforementioned facts were the moving force in JOSHUA CAMPOS's

21 death.

22     74.    By reason of the aforementioned acts and omissions of Defendants, Plaintiff was

23 caused to incur damages as stated elsewhere herein.

24     75.    By reason of the aforementioned acts and omissions of Defendants, Plaintiff suffered

25 and continues to suffer loss of love, companionship, affection, comfort, care, society, and future

26 support.

27     76.    Accordingly, Defendants are liable to Plaintiff for compensatory damages under 42

28 U.S.C. § 1983.

77.     The actions of each of Defendants were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities, and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

78.     Plaintiff further claim all of Plaintiff's attorneys' fees and costs incurred and to be incurred in Plaintiff presenting, maintaining and prosecuting this action under 42 U.S.C. Section 1988.

**SEVENTH CAUSE OF ACTION**

**MUNICIPAL LIABILITY FOR**

**FAILURE TO TRAIN**

**(42 U.S.C. § 1983)**

**(By Plaintiff Against Defendants COUNTY and DOES 1-10)**

79.     Plaintiff re-alleges all preceding paragraphs as well as any subsequent _paragraphs contained in the Complaint as if fully set forth herein.

80.     At all relevant times, the individual Defendants acted under color of law.

81.     The acts of Defendants BARNES and DOES 1-10 deprived Plaintiffs and JOSHUA CAMPOS of their rights under the United States Constitution and aforementioned statutes.

82.     The training policies of Defendant COUNTY were not adequate to train its deputies and employees to handle the usual and recurring situations with which they must deal with.

83.     Defendant COUNTY was deliberately indifferent to the obvious consequences of its failure to train its deputies and employees adequately.

84.     The failure of Defendant COUNTY to provide adequate training caused the deprivation of the Plaintiff's rights by Defendants. That is, the COUNTY's failure to train is so closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused Plaintiff's ultimate injury.

85.     More specifically, Defendant COUNTY failed to train or ensure that deputies within the JAIL as follows:

    a.  Failing to house individuals with mental health issues like JOSHUA CAMPOS in proper housing;

16

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

b. Housing individuals like JOSHUA CAMPOS in modules which exacerbates their medical needs and or mental health issues;

c. Permitting and ratifying the conduct of individual deputies within JAIL who act with deliberate indifference to the medical needs of individuals such as JOSHUA CAMPOS;

d. Employing and retaining as deputy sheriffs and other personnel, including Defendants, whom Defendants COUNTY, BARNES and Does 1-10 at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens such as Decedent by failing to follow written OCSD policies;

e. By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants who are deputies and/or agents of COUNTY and OCSD;

86.     By reason of the aforementioned acts and omissions, Plaintiffs suffered damages according to proof a trial.

87.     Accordingly, Defendant COUNTY is directly liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

88.     Plaintiff further claim all of Plaintiff's attorneys' fees and costs incurred and to be incurred in Plaintiff presenting, maintaining and prosecuting this action under 42 U.S.C. Section 1988.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

a. For compensatory damages, for wrongful death including damages for the loss of Decedent's life-long love, companionship, comfort, guidance, care, assistance, protection, affection, society; moral support; and the loss of relationship with Decedent, including loss of society, familial relationship, and companionship in an amount according to proof at trial;

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

b. For compensatory damages, for the mental, physical, and emotional pain and suffering of Decedent leading up to his death in an amount according to be determined according to proof at trial;

c. For loss of financial support, sustenance, and earning capacity in an amount to be determined according to proof at trial;

d. For loss of gifts and benefits in an amount to be determined according to proof at trial;

e. For loss of the reasonable value of household services in an amount to be determined according to proof at trial;

f. For punitive damages against the individual Defendants in an amount to be determined according to proof at trial;

g. For interest;

h. For the reasonable costs and attorneys' fees incurred in bringing this suit, as authorized under 42 U.S.C. § 1988 and California Civil Code § 52.1;

i. For all other damages allowed under federal and state law;

j. For such further relief as the Court may deem just, proper, and appropriate; and

k. For prejudgment interest pursuant to California Civil Code § 3291 and other relevant statutory and case law according to proof.

Respectfully submitted,

**DATED:  September 30, 2022**          **LAW OFFICES OF HUMBERTO GUIZAR, APC**

By          _____

HUMBERTO GUIZAR
Attorney For Plaintiffs,
Jay Campos, and Rosalee Campos, in their
individual capacities and as successors in
interest to JOSHUA CAMPOS.

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

1

**DEMAND FOR JURY TRIAL**

2

     Plaintiff Jay Campos and Rosalee Campos, in their individual capacity and as successor in

3

interest to Joshua Campos hereby demands a trial by jury in this matter.

4

**DATED:  September 30, 2022**       **LAW OFFICES OF HUMBERTO GUIZAR, APC**

5

6

     By

7

     HUMBERTO GUIZAR

8

     Attorney For Plaintiffs,
Jay Campos, and Rosalee Campos, in their

9

     individual capacities and as successors in
interest to JOSHUA CAMPOS.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

Electronically Filed by Superior Court of California, County of Orange, 09/30/2022 07:07:37 PM.
30-2022-01284280-CU-CR-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By A. Gali, Deputy Clerk.

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Humberto Guizar, (SBN: 125769)
LAW OFFICES OF HUMBERTO GUIZAR, APC
3500 W. Beverly Blvd. , Montebello, California, 90640
TELEPHONE NO.: (323) 725-1151     FAX NO. (Optional):
E-MAIL ADDRESS: hguizar@ghclegal.com
ATTORNEY FOR (Name): Plaintiffs JAY CAMPOS, et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST
MAILING ADDRESS: 700 CIVIC CENTER DRIVE WEST
CITY AND ZIP CODE: SANTA ANA, 92701
BRANCH NAME: CENTRAL JUSTICE CENTER

CASE NAME:
JAY CAMPOS, et al.  v. COUNTY OF ORANGE, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 30-2022-01284280-CU-CR-CJC |
| | | JUDGE: Judge Melissa R. McCormick |
| | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [✓] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action (specify): Seven (7)
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 9/30/2022

Humberto Guizar
(TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
Central Justice Center
700 W. Civic Center Drive
Santa Ana, CA 92702

**SHORT TITLE:** Campos vs. County of Orange

| **CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE** | CASE NUMBER:<br>**30-2022-01284280-CU-CR-CJC** |
|---|---|

I certify that I am not a party to this cause. I certify that the following document(s), Minute Order dated 10/10/22, have been transmitted electronically by Orange County Superior Court at Santa Ana, CA. The transmission originated from Orange County Superior Court email address on October 10, 2022, at 8:04:43 AM PDT. The electronically transmitted document(s) is in accordance with rule 2.251 of the California Rules of Court, addressed as shown above. The list of electronically served recipients are listed below:

LAW OFFICES OF HUMBERTO GUIZAR
HGUIZAR@GHCLEGAL.COM


Clerk of the Court, by: _____, Deputy


CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE

## SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF ORANGE
## CENTRAL JUSTICE CENTER

### MINUTE ORDER

DATE: 10/10/2022                    TIME: 07:50:00 AM          DEPT: C13

JUDICIAL OFFICER PRESIDING: Melissa R. McCormick
CLERK: L. Young
REPORTER/ERM:
BAILIFF/COURT ATTENDANT:

CASE NO: **30-2022-01284280-CU-CR-CJC**  CASE INIT.DATE: 09/30/2022
CASE TITLE: **Campos vs. County of Orange**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Civil Rights

---

EVENT ID/DOCUMENT ID: 73863170
**EVENT TYPE:** Chambers Work

---

### APPEARANCES

---

There are no appearances by any party.

The Case Management Conference currently set on 03/16/2023 is ordered advanced to 01/19/2023 at 09:00 AM in C13.

Clerk to give notice to Plaintiff and Plaintiff to give notice to all other parties.

---

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

ALTERNATIVE DISPUTE RESOLUTION (ADR)
INFORMATION PACKAGE

NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any    court    staff responsible for providing parties with assistance regarding  ADR.

(3) Information about the availability of local dispute resolution   programs   funded under the Dispute Resolutions Program Act   (DRPA),   in   counties   that   are participating in the DRPA. This information may take the form of a list of   the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its website as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

## ADR Information

Introduction.

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

Save Time. A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

Save Money. When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

Increase Control Over the Process and the Outcome. In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

Preserve Relationships. ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

Increase Satisfaction. In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

Improve Attorney-Client Relationships. Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

Loss of protections. If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

L1200 Rev. Dec. 2019                                                                                              Page 2 of 4

Less discovery. There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

Additional costs. The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Effect of delays if the dispute is not resolved. Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

Arbitration. In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

Cases for Which Arbitration May Be Appropriate. Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

Cases for Which Arbitration May Not Be Appropriate. If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

Mediation. In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

Cases for Which Mediation May Be Appropriate. Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

Cases for Which Mediation May Not Be Appropriate. Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

Neutral Evaluation. In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

Cases for Which Neutral Evaluation May Be Appropriate. Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate. Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

Settlement Conferences. Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, at 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Low cost mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA). For information regarding DRPA, contact:
- OC Human Relations (714) 480-6575, mediator@ochumanrelations.org
- Waymakers (949) 250-4058

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY:      STATE BAR NO.:<br>NAME:<br>FIRM NAME:<br>STREET ADDRESS:<br>CITY:                        STATE:          ZIP CODE:<br>TELEPHONE NO.:                  FAX NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (name): | FOR COURT USE ONLY<br><br>For your protection and privacy, please press the Clear This Form button after you are done printing this form. |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>JUSTICE CENTER:<br>☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045<br>☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512<br>☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595<br>☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500<br>☐ West – 8141 13th Street, Westminster, CA 92683-4593 | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |
| ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION | CASE NUMBER: |

Plaintiff(s)/Petitioner(s), _____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
        ☐ Under section 1141.11 of the Code of Civil Procedure
        ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an Order on Court Fee Waiver (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court, rule 3.720 et seq.

Date:_____    _____    _____
                (SIGNATURE OF PLAINTIFF OR ATTORNEY)    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date:_____    _____    _____
                (SIGNATURE OF DEFENDANT OR ATTORNEY)   (SIGNATURE OF DEFENDANT OR ATTORNEY)

ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION